UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESS H. KRIEHN, | Case No. 2:14-cv-01311-GMN-PAL |
| Plaintiff, | ORDER AND REPORT OF FINDINGS AND RECOMMENDATION |
| v. | (IFP App – Dkt. #1) |
| THE UNITED STATES DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

Plaintiff Jess H. Kriehn is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.    In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's complaint alleges that Defendant United States Department of Transportation ("DOT") is not fulfilling its duty "to provide general leadership in the identification and solution of transportation problems" as set forth in the DOT Act of 1966. Complaint at 2. Specifically, Plaintiff alleges that DOT has not done anything about "the placement of parking tickets/notices etc. in the windshield wipers of citizens" despite receiving notice. *Id.* Plaintiff's demand is for an order directing the DOT to "initiate a nationwide ban on dangerously placing documents in the windshield wipers of Americans, thus damaging this safety device, and, ergo the lives of Americans." *Id.*

As a general matter, the United States, as a sovereign, is immune from suit unless it has waived its immunity. *See Baiser v. Dep't of Justice, Office of United States Trustee,* 327 F.3d 903, 907 (9th Cir. 2003). Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim. *Id.* In the Administrative Procedures Act ("APA")

1  Congress granted a private right of action to enforce federal rights against federal agencies. 5
2  U.S.C. § 702. The APA waives federal sovereign immunity in certain circumstances to allow
3  equitable relief from agency action or inaction. *See Heckler v. Chaney,* 470 U.S. 821, 828-29
4  (1985). The APA's waiver of sovereign immunity is limited, however. *See Western Shoshone*
5  *Nat. Council v. United States,* 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005) (citing *Tucson Airport*
6  *Auth'y v. Gen'l Dynamics Corp.,* 136 F.3d 641, 645 (9th Cir. 1998)). It does not extend to
7  claims for monetary damages or to claims prohibited by another statute. In addition, judicial
8  review is limited to review specifically authorized by another statute or "final agency action for
9  which there is no other adequate remedy in a court. *Id.* (citing 5 U.S.C. § 704).

10  Here, Plaintiff has not identified a substantive statute specifically authorizing judicial
11  review of his claims. In addition, Plaintiff has not alleged that he is challenging any final action
12  by the DOT. Agency action is "final" if it "marks the consummation" of the agency's decision-
13  making process" and if it determines rights or obligations, or legal consequences flow from the
14  decision. *Id.* (citing *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997)). Essentially, the question is
15  whether the agency has completed its decision-making process, and whether the result will
16  directly affect the parties. *Id.* (citing *Franklin v. Mass.,* 505 U.S. 788, 797 (1992). Plaintiff has
17  not alleged that DOT has made a final agency decision, and therefore, the APA's waiver of
18  sovereign immunity does not apply.

19  Plaintiff's claim appears to be that the DOT has not acted at all and has taken no action
20  regarding tickets, handbills, and other notices being placed in windshield wipers. This claim is
21  barred by 5 U.S.C. § 701(a). That provision precludes judicial review where (a) a statute
22  expressly prohibits it; or (b) where the agency action is "committed to agency discretion by law."
23  5 U.S.C. § 701(a)(1) and (a)(2). Although agency actions are presumed reviewable under the
24  APA, the Supreme Court has established a presumption against judicial review of agency
25  decisions regarding whether to take investigative or enforcement action. *See Chaney,* 470 U.S.
26  at 828-29. In *Chaney,* the Court observed that an agency decision not to enforce "often involves
27  a complicated balancing of a number of factors with are particularly within its expertise," and the
28  Court acknowledged that the agency is "far better equipped than the courts to deal with the many

variables involved in the proper ordering of its priorities." *Id.* at 831-32. As a result, the Court held that agency refusals to investigate or institute enforcement proceedings are not subject to judicial review as an "action to committed to agency discretion" unless Congress has indicated otherwise.

For all of these reasons, Plaintiff has not stated a claim upon which relief can be granted. Leave to amend will not be granted because based on the Supreme Court's decision in *Chaney,* Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court is directed to file the complaint.

**IT IS RECOMMENDED** that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 13th day of November, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court.  Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to
2 object to the findings and recommendations of a magistrate judge shall file and serve *specific*
3 *written objections* together with points and authorities in support of those objections, within
4 fourteen days of the date of service of the findings and recommendations.  The document should
5 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties
6 are advised that failure to file objections within the specified time may waive the right to appeal
7 the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and
8 authorities filed in support of the specific written objections are subject to the page limitations
9 found in LR 7-4.